IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAMERON JAMES GLENN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-447-WKW-CWB |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 wherein Cameron James Glenn ("Glenn") challenges his conviction and resulting sentence for possession of a firearm as a convicted felon. (Doc. 1).[1] For the reasons discussed below, the undersigned Magistrate Judge recommends that Glenn's motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

**I.    Background**

On August 28, 2017, Glenn pleaded guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 6-2). On January 25, 2018, the district court sentenced Glenn to 48 months in prison. (Doc. 6-5). Judgment was entered by the district court on February 1, 2018. (Doc. 1-2 at p. 1).

---

[1] References to documents filed in this action are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

Glenn appealed, arguing that his sentence was procedurally unreasonable because the district court failed to sufficiently explain why it imposed an upward variance and substantively unreasonable because the district court unreasonably focused on and exaggerated his criminal history while ignoring facts that would have supported a shorter sentence. On January 10, 2019, the Eleventh Circuit issued an unpublished opinion affirming Glenn's conviction and sentence. (Doc. 6-6); *see also United States v. Glenn*, 760 F. App'x 756 (11th Cir. 2019). Glenn did not file a petition for certiorari review with the United States Supreme Court.

On June 26, 2020, this court received Glenn's *pro se* § 2255 motion in which he asserts that he is entitled to a vacatur of his conviction and sentence based on the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. 1). Glenn does not state when he executed the motion or placed it in the prison mailing system, but the envelope accompanying the motion bears a postmark date of June 23, 2020. (Doc. 1 at pp. 12-13).

Under 18 U.S.C.§ 922(g)(1), it is unlawful for any person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." A related provision, § 924(a)(2), adds that anyone who "knowingly violates" the prohibition shall be fined or imprisoned for up to 10 years. Before *Rehaif*, the government thus had to prove (1) that the defendant "knowingly possessed a firearm," (2) that the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," and (3) that the firearm "was in or affecting interstate commerce." *See, e.g., United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). In *Rehaif*, however, the Supreme Court extended the knowledge requirement to the second of those factors, and the government now must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession. *Id*. at 2195-96, 2200.

Glenn contends that he is entitled to relief under *Rehaif* because (1) his indictment did not allege that he knew of his status as a convicted felon when he possessed the firearm, (2) the government failed to prove that he knew of his status as a convicted felon when he possessed the firearm, and (3) he was not informed when pleading guilty that a conviction under § 922(g)(1) requires that he knew of his status as a convicted felon when he possessed the firearm. (Doc. 1 at pp. 4-6). The government in turn contends that Glenn's motion is time-barred because it was not filed until over a year after the Supreme Court decided *Rehaif*. (Doc. 6 at pp. 4-5). The government additionally argues that Glenn's claim is procedurally defaulted. (Doc. 6 at pp. 6-7).

## II. Legal Standard

A prisoner is entitled to relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under … § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden of establishing that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *See Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

**III.     Discussion**

    **A.     Glenn's *Rehaif*-based claim is untimely.**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing motions under 28 U.S.C. § 2255. In pertinent part, the AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eleventh Circuit has held that "*Rehaif* announced a new rule of substantive law that applies retroactively." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). Therefore, the limitation period for bringing a *Rehaif*-based claim is controlled by § 2255(f)(3), which requires claims to be raised within one year of "the date on which the right asserted was initially recognized by the Supreme Court." Because the Supreme Court decided *Rehaif* on June 21, 2019, the deadline for filing a *Rehaif*-based claim expired on June 22, 2020, *i.e.*, the first business day after June 21, 2020.[2]

---

[2] Because June 21, 2020 fell on a Sunday, the deadline was extended until the next business day. *See* 28 U.S.C. § 2255, Rule 12 (applying the Federal Rules of Civil Procedure to proceedings pursuant to § 2255); Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a period stated in days or a

As noted above, Glenn does not state when he executed his § 2255 motion or when he placed it in the prison mailing system. The § 2255 form contains an underlined blank space in which a petitioner is expected to insert the date on which he signed the motion and, on the same page, an underlined blank space in which a petitioner is expected to insert the date on which he placed the motion in the prison mailing system. Glenn left both spaces blank. (Doc. 1 at p. 12). Consequently, Glenn cannot benefit from the "prison mailbox rule," under which a *pro se* motion is considered filed on the date it is delivered to prison officials for mailing. *See, e.g., Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

Although this court received Glenn's § 2255 motion on June 26, 2020, the envelope accompanying the motion bears a postmark date of June 23, 2020. (Doc. 1 at p. 13). Under the circumstances presented, the best evidence as to when Glenn mailed his § 2255 motion thus suggests June 23, 2020. That date, however, was after the deadline for filing any *Rehaif*-based claim. Although afforded an opportunity to do so (Doc. 9), Glenn has made no allegation that he mailed his § 2255 motion before the limitation period expired. The court therefore finds Glenn's § 2255 motion to be untimely.

Untimely claims in a § 2255 motion can remain viable under limited circumstances where equitable tolling is deemed proper or actual innocence is demonstrated. *See Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019). "The petitioner bears the burden of showing that equitable tolling is warranted."[3] *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The burden of establishing actual innocence likewise falls on the petitioner. *See United States v. Montano*,

---

longer unit of time] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[3] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

398 F.3d 1276, 1285 (11th Cir. 2005).  Glenn presents no argument for equitable tolling.  Nor does he argue that he can establish actual innocence.

Even if Glenn had asserted actual innocence, such a claim would be implausible.  The actual-innocence exception is exceedingly narrow and reserved only for extraordinary cases.  *McKay*, 657 F.3d at 1198-99.  Actual innocence is more than mere legal insufficiency; it requires factual innocence.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *McKay*, 657 F.3d at 1197.  To establish actual innocence, a petitioner must show that, considering new reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

To prove actual innocence on a § 922(g)(1) conviction, a petitioner must show that he had no knowledge of being a convicted felon when he possessed the firearm.  *See Rehaif,* 139 S. Ct. at 2200; *see also Hatcher v. United States*, No. 2:19-cv-8053, 2022 WL 4474915, at *2 (N.D. Ala. Sept. 26, 2022).  Glenn's presentence report reflects that on August 8, 2016, approximately three months before he committed his § 922(g)(1) offense, Glenn was convicted of aggravated assault, for which he was sentenced to three years in prison.  (Doc. 7-1 at pp. 9-10, ¶ 35).  The sentence was suspended, and Glenn was placed on three years' probation.  (*Id*.).  Less than a month later, on September 4, 2016, Glenn was arrested and taken into custody on a felony probation violation warrant.  (Doc. 7-1 at p. 11, ¶ 39).  Five days after that, on September 9, 2016, Glenn was charged with violating the probation on his aggravated-assault conviction.  (Doc. 7-1 at pp. 9-10, ¶ 35 & p. 11, ¶ 39).  Based on that timeline, Glenn simply cannot satisfy the exceedingly narrow actual-innocence exception.  *See also United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) (stating that "most people convicted of a felony know that they are felons").

B.     Glenn's *Rehaif*-based claim is procedurally defaulted.

Before presenting a claim in a § 2255 motion, a petitioner generally must advance the same challenge on direct appeal. *Lynn,* 365 F.3d at 1234. If a petitioner fails to raise the claim on direct appeal, then it is considered procedurally defaulted. *Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (applying the procedural default rule to a *Rehaif* claim based on an alleged involuntary guilty plea). If the procedural default is not waived by the government, a court can excuse procedural default only in two circumstances, *i.e.*, when the petitioner demonstrates (1) cause for the default and actual prejudice from the alleged error or (2) actual innocence. *Lynn*, 365 F.3d at 1235; *Bousley*, 523 U.S. at 622.

Here, Glenn did not raise his *Rehaif*-based claim on direct appeal. Rather, he presents the claim for the first time in his § 2255 motion, and the government has not waived procedural default as a defense. (*See* Doc. 6 at pp. 6-7). The court therefore must determine whether Glenn has shown that one of the exceptions to procedural default applies.

a.     **Cause and Prejudice**

"'[C]ause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner may demonstrate cause where a "claim is so novel that its legal basis is not reasonably available to counsel." *Bousley*, 523 U.S. at 622-23 (citing *Reed v. Ross*, 468 U.S. 1, 16, (1984)). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020).

Although *Rehaif* was decided after Glenn's conviction became final, a "*Rehaif* [argument] was not 'truly novel' in the sense necessary to excuse procedural default." *Innocent*, 977 F.3d at 1084. "'[T]he question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception' to the procedural default rule." *United States v. Easley*, No. 1:15-243-KD-B, 2021 WL 2653252, at *6 (S.D. Ala. June 28, 2021) (quoting *Anderson v. United States*, No. 19-24903-CIV-Martinez/Louis, 2020 WL 5803327, at *3 (S.D. Fla. Sept. 8, 2020)). *See also Davis v. United States*, No. 4:15-CR-19-CDL-MSH, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (discussing numerous cases in this circuit holding that a *Rehaif* claim is not "truly novel" to provide cause to excuse procedural default).

To establish actual prejudice, the petitioner "must show that the error worked to his 'actual and substantial disadvantage,' not merely 'the possibility of prejudice.'" *Carlyle*, 836 F. App'x at 783 (quoting *Bane*, 948 F.3d at 1297). When it comes to the knowledge-of-status requirement of § 922(g)(1), "[t]he government's obligation to prove knowledge is not 'burdensome' and it may be inferred from circumstantial evidence." *Id*. (citing *Rehaif*, 139 S. Ct. at 2198). The record here contains ample evidence that Glenn knew of his status under § 922(g)(1), and there is no evidence suggesting that Glenn would have decided not to plead guilty had he been informed of the knowledge-of-status requirement. Finally, the Eleventh Circuit has held that omission of the knowledge-of-status element from an indictment alleging a violation of § 922(g)(1) is not a fatal defect if the language of the indictment sufficiently tracks the language of the statute. *See United States v. Morales*, 987 F.3d 966, 978–79 (11th Cir. 2021).[4]

---

[4] The indictment tracked—and directly referenced—18 U.S.C. § 922(g)(1), which provides that "[i]t shall be unlawful for any person … who has been convicted in any court of … a crime punishable by imprisonment for a term exceeding one year … to … possess in or affecting

8

### b. Actual Innocence

As stated above, Glenn has not asserted actual innocence. And there is no plausible basis for Glenn to claim that he did not know of his convicted felon status. Therefore, he cannot satisfy the actual-innocence exception to procedural default.

## IV. Conclusion

For all of the reasons addressed herein, it is the **RECOMMENDATION** of the Magistrate Judge that Glenn's § 2255 motion (Doc. 1) be **DENIED** without an evidentiary hearing and that this case be **DISMISSED** with prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **March 30, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

commerce, any firearm or ammunition … ." In pertinent part, the indictment alleged that "JAMES GLENN, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, Aggravated Assault (2016-B-701) in Davidson County, Tennessee, did knowingly possess in and affecting interstate commerce, a firearm … and live ammunition… in violation of Title 18, United States Code, Section 922(g)(1)." (Case 2:17-cr-96, Doc. 1 at p. 1).

9

**DONE** this the 16th day of March 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**